UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

D1, CALVIN ZASTROW,
D2, CHESTER GALLAGHER,
D3, HEATHER IDONI,
D5, JOEL CURRY,
D6, JUSTIN PHILLIPS,
D7, EVA EDL, AND
D8, EVA ZASTROW,

       Defendants.

Case No. 23-cv-20100
Hon. Matthew F. Leitman

_____/

## ORDER AUTHORIZING USE OF JUROR QUESTIONNAIRE AND SETTING SCHEDULE CONCERNING SAME

Earlier in this case, Defendant Calvin Zastrow filed a Motion to Permit Utilization of a Juror Questionnaire. (*See* Mot., ECF No. 100.) At least one other Defendant joined the motion (*see* ECF No. 103), and the Government did not object to the request. The Court denied the motion because the Court was not then persuaded that a juror questionnaire was necessary. (*See* Order, ECF No. 128.)

The Court has sua sponte reconsidered its denial of the request to utilize a juror questionnaire and has decided to utilize one. During the Final Pretrial Conference held on March 20, 2024, it became clear to the Court that using a juror

questionnaire will meaningfully enhance the efficiency of the voir dire process. Thus, the Court will use a questionnaire on the terms and schedule set forth below.

1. The Court will use as a template for the juror questionnaire the questionnaire used by the United States District Court for the Middle District of Tennessee in the recent case of *United States v. Gallagher*, Case Number 3:22-cr-00327 (M.D. Tenn.). A copy of that questionnaire (hereinafter, the "Template") is attached to this order.

2. By not later than **April 29, 2024**, counsel for the Government, counsel for represented Defendants, and the Defendants proceeding pro se shall file on the docket (a) any objections to any of the questions on the Template, (b) any proposed modifications to any of the questions on the Template, and (c) any additional questions to be added to the Template. The Court will then review these filings, determine whether to make any changes to the Template, and finalize the form of questionnaire to be used in this case. The Court will finalize the form by not later than **June 3, 2024** and will share the finalized form with all parties.

3. By not later than **July 1, 2024**, **counsel for the Government** shall deliver to the jury department **220 copies** of the final questionnaire.

4. Prospective jurors will report to the courthouse to complete the questionnaire on **July 12, 2024**. The parties and counsel do not attend that proceeding – which is not a formal session of court and is not on the record.

5.      The completed questionnaires will be scanned by the jury department staff and made available to the parties and the Court on a PACER account to view them electronically by not later than **July 19, 2024**.

6.      By not later than **July 26, 2024**, all counsel and unrepresented parties shall meet (either in person, by video conference, or by telephone) and shall identify those jurors that (a) all parties agree should be stricken and (b) one or more, but not all, parties contend should be stricken.  Counsel and the unrepresented parties shall schedule and plan for this meeting **now** in order to avoid the risk that counsel or one of the unrepresented parties will be unavailable.

7.      By not later than **July 31, 2024**, the parties shall file on the docket (a) a list of juror strikes that are agreed to by all parties and (b) a separate list of strikes proposed by one or more of the parties but not agreed to by all parties.  The separate list of strikes shall identify the party and/or parties proposing the strike.  These filings on the docket shall identify the jurors by juror number, not by name.

8.      On **August 1, 2024 at 9:00 a.m**., the Court will hold a hearing to determine which jurors will be stricken in connection with the strikes proposed by the parties.

9.      By the close of business on **August 1, 2024**, the names/numbers of the stricken jurors will be provided to the jury department.

10. Voir dire will commence on **August 6, 2024 at 9:00 a.m**. Sixty potential jurors will be summoned to appear that day. Additional potential jurors will be summoned on additional consecutive days if necessary.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126