UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

D1 CALVIN ZASTROW,
D2 CHESTER GALLAGHER,
D3 HEATHER IDONI,
D5 JOEL CURRY,
D6 JUSTIN PHILLIPS,
D7 EVA EDL, and
D8 EVA ZASTROW,

       Defendants.
_____/

Case No. 23-cv-20100
Hon. Matthew F. Leitman

## ORDER RESOLVING MOTIONS IN LIMINE (ECF NoS. 217, 218, 219, 220, 226, 228, 240, and 243)

On July 8, 2024, the Court held a hearing on a number of motions in limine filed by the Government and Defendants. For the reasons explained on the record during the hearing, the motions are resolved as described below:

1. Defendant Eva Zastrow's Motion In Limine To Preclude Irrelevant, Highly Prejudicial Testimony And Testimony On The Law From A Lay Witness (ECF No. 217) is **GRANTED IN PART AND DENIED IN PART** as follows:

1

- The Government shall not elicit testimony or argue that Defendants or the groups to which they belong are a "cult" and/or that Catholics are not real Christians; shall not use the phrase "non-Catholic"; and shall not refer to the sexual orientation of any protesters. If witness Caroline Hodges feels the need to identify the sexual orientation of any person in order to fully answer a question posed to her, she shall ask for a break in the proceedings and seek permission to mention the sexual orientation outside of the presence of the jury.

- The Government shall not seek from Hodges, and she shall not offer, any interpretation of law for the jury. However, Hodges shall be permitted to testify about (a) statements made concerning the law by Defendants, to Defendants, and/or in the presence of Defendants and (b) her personal understanding of the law based upon such statements (and only upon such statements).

- Government witness Sarah shall not mention the name "Isaiah" and shall not reference decorating a nursery, obtaining the footprint of Isaiah, selling her house, and/or a gender reveal event. However, Sarah may testify that she conceived a child

with her husband/partner, that she received information from her physician concerning the condition of the fetus and the prospects of the fetus for life outside of the womb (and she may identify all information given to her by her physician concerning the fetus), that she and her husband/partner made the difficult decision to seek reproductive health services (and she may specifically identify the service she sought), and that she went to the Northland Family Planning Clinic on August 27, 2020 for the purpose of obtaining that service.

- Witness Sarah may not testify that she has the specific mental health condition known as "PTSD" as a result of her interactions with Defendants. However, she may explain for the jury the impact that Defendants' alleged conduct had on her mental and emotional health.
- At the conclusion of the cross-examination of Sarah by Defendants, the Court will entertain a request by the Government to elicit from Sarah some or all of the information identified above that the Court has precluded Sarah from providing to the jury.

2. Defendant Eva Edl's Motion in Limine To Preclude Testimony of Case Agent as Narrator (ECF No. 218) is **GRANTED IN PART AND DENIED IN PART** as follows:

    - The Government shall not call its case agent as a witness more than one time in order to act as a narrator for the Government's case.

    - When testifying about video and audio recordings, the Government's case agent may (assuming a proper foundation has been laid), testify concerning objective facts depicted in and related to the recordings (e.g., who appears and/or is speaking on the recordings, distances between locations depicted on the recordings, etc.)  The case agent may not offer his/her personal interpretations of matters occurring on the recordings.

3. Defendant Eva Edl's Motion in Limine To Preclude Cumulative And Prejudicial Display Of Video Evidence And/Or Calling Of Witnesses Offering Cumulative Testimony (ECF No. 219) is **DENIED WITHOUT PREJUDICE**.

4. Defendant Eva Edl's Motion in Limine Objecting to the Introduction of Other Acts Evidence (ECF No. 220) is **TAKEN UNDER ADVISEMENT**.

5. <u>Defendant Calvin Zastrow's Motion in Limine Re: Notice Of Intent [ECF No 202 PG ID 1059] And Notice Of Intent [ECF No 203 PG ID 1068] (ECF No. 226)</u> is **DENIED IN PART** and **TAKEN UNDER ADVISEMENT IN PART** as follows:

    - The portion of the motion objecting to the Government's Notice of Intent to Offer Evidence Under FRE 404(b) is **TAKEN UNDER ADVISEMENT.**

    - The portion of the motion objecting to the Government's Notice of Intent to Offer Self-Authenticating Evidence is **DENIED**. However, in order to secure admission of the evidence identified as self-authenticating in the Notice, the Government will have to lay a proper foundation for admission of the evidence.

6. <u>The Government's Omnibus Motion in Limine as to Calvin Zastrow, Chester Gallagher, Heather Idoni, Caroline Davis, Joel Curry, Justin Phillips, Eva Edl, Eva Zastrow (ECF No. 228)</u> is **GRANTED IN PART AND DENIED IN PART** as follows:

    - Defendants shall not present evidence or argument intended to induce jury nullification. More specifically, Defendants shall not:

- Refer to or mention the punishment or collateral consequences they face. However, when cross-examining witness Caroline Hodges, Defendants may ask her how much prison time she believed she was facing before making a plea deal with the Government. Defendants may also ask Hodges about any alleged threats from law enforcement officers and/or prosecuting attorneys that preceded her decision to make a plea deal. In addition, Defendants' shall adhere to the proposal by the Government on Docket Number 284, PageID.1608 concerning the form of questions concerning the charges and punishment that Hodges faced.
- Argue or imply that they are victims of selective or vindictive prosecution.
- Argue personal ideologies as a defense.
- Identify Eva Edl as a "death camp" survivor (or survivor of other similar camp/circumstances. However, Defendants may ask Caroline Davis whether she met and encountered Edl at events where Edl was speaking her personal background (which background shall not be

6

specifically identified). Finally, if Edl decides to testify, her counsel may renew a request to permit Edl to identify herself as a death camp survivor, and, if such a request is made at that time, the Court will rule upon it.

- Argue or imply that their conduct was civil disobedience like that practiced during Civil Rights Era sit-ins.
- Present arguments that the Court has rejected during pretrial proceedings.

- Defendants shall not introduce testimony, evidence, or argument in support of a justification defense.
- Defendants shall not reference any pending state/municipal prosecutions related to the alleged conduct at issue in this case and/or any charging decisions made by state or local prosecutors related to the alleged conduct in this case. However, Defendants may cross-examine Caroline Hodges concerning whether she understood that her plea deal in this case involved any favorable consideration or action in any state or municipal prosecution.

- To the extent that Defendants seek to admit their own hearsay statements under the Rule of Completeness, the Court will rule on those requests as they arise at trial.

- To the extent that Defendants intend to introduce character evidence, they are limited to evidence of their character to abide by the law, and such evidence must be in the form of opinion testimony or testimony concerning their reputation for law abiding character.

7. <u>Defendant Chester Gallagher's Motion in Limine to Prohibit The Government From Referring To Statements Made By Co-Defendants As "Co-Conspirator" Statements (ECF No. 240)</u> is **GRANTED IN PART AND DENIED IN PART**. The Government shall not use the term "co-conspirator statement" at trial other than during its closing and rebuttal arguments. In addition, to the extent that the Government seeks to admit hearsay statements under the co-conspirator exception, the parties should raise all matters concerning and/or challenging the admissibility of such statements outside the presence of the jury.

8. <u>Defendant Justin Philips' Motion In Limine (ECF No. 243)</u> is **GRANTED IN PART AND DENIED IN PART** as follows:

- The Government shall not introduce evidence of actions taken against medical facilities that perform abortions where the actions were taken by persons who are not Defendants in this case and/or were directed at health care facilities other than those at issue in the charges in this case.

- The Government shall not introduce expert witness testimony that has not been disclosed to the Defendants.

- The Government may refer to abortion as a "reproductive health service" but not as "health care."

- The Government may refer to "reproductive health services rights" but not to "reproductive rights."

- The Government may not present evidence of argument that Defendants engaged in harassing or discriminatory behavior based upon a protected characteristic.

- The Government may not present evidence or argument that Defendants targeted any individual because of any protected characteristic.

- To the extent that this motion seeks exclusion of evidence offered under FRE 404(b), it is **TAKEN UNDER ADVISEMENT**.

Finally, the Government shall provide Defendants with its final witness and exhibit list by July 23, 2024. Likewise, Defendants shall provide the Government with final witness and exhibit lists by July 23, 2024.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126