UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,         Case No. 23-cr-20100-1
                  Hon. Matthew F. Leitman
v.

D1, CALVIN ZASTROW,

  Defendant.
_____/

### ORDER DENYING DEFENDANT CALVIN ZASTROW'S MOTION FOR REHEARING REGARDING ORDER RESOLVING MOTIONS IN LIMINE (ECF No. 304)

On May 10, 2024, the Government filed a motion in limine in which it asked the Court to preclude evidence and argument intended to induce jury nullification. (*See* Mot., ECF No. 228.) Defendant Calvin Zastrow filed a response opposing the motion. (*See* Resp., ECF No. 265.) In that response, Zastrow argued, among other things, that he should be permitted to seek jury nullification because the relevant historical tradition permits criminal defendants to seek jury nullification. (*See id.*, PageID.1425-28.)

The Court held a hearing on the Government's motion on July 8, 2024. During the hearing, the Court did not expressly address Zastrow's contention described above that he has a right to seek jury nullification. Following the hearing, the Court entered an order precluding the Defendants from seeking jury nullification

1

for the reasons stated on the record. (*See* Order, ECF No. 303.) Zastrow now moves for rehearing on the ground that the Court did not specifically address his jury nullification arguments on the record. (*See* Mot., ECF No. 304.[1])

The Court declines to grant rehearing on this basis. While Zastrow is correct that the Court failed to specifically address his jury nullification arguments on the record, the Court has carefully considered those arguments and must reject them.

The Court respects Zastrow's arguments and recognizes their seriousness. However, as set forth in the Government's motion (*see* Mot. ECF No.228, PageID.1239) and reply (*see* ECF No. 284, PageID.1601), under Sixth Circuit precedent, appeals for jury nullification are not permitted. While Zastrow has presented a good-faith argument that more recent Supreme Court authority may, perhaps, call the Sixth Circuit decisions into question, the Supreme Court cases cited by Zastrow do not concern jury nullification and do not compel the conclusion that the Sixth Circuit's decisions are no longer good law. The Sixth Circuit or Supreme Court may ultimately conclude that a defendant has a constitutional right to seek jury nullification, but this Court lacks the authority to reach that conclusion under current binding precedent. The Court therefore declines to reconsider its order and reaffirms

---

[1] The motion is titled on the docket as one for reconsideration, but the actual title of the motion as filed is for rehearing.

that no Defendant in this case shall be permitted to seek jury nullification or to present the evidence and/or arguments referenced in the Court's prior order.

Zastrow's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126