# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D1, CALVIN ZASTROW,
D2, CHESTER GALLAGHER,
D3, HEATHER IDONI,
D5, JOEL CURRY,
D6, JUSTIN PHILLIPS,
D7, EVA EDL, AND
D8, EVA ZASTROW,

    Defendants.

Case No. 23-cr-20100
Hon. Matthew F. Leitman

_____/

## ORDER RESOLVING DEFENDANTS' MOTIONS (ECF Nos. 220, 226, and 243) TO EXCLUDE EVIDENCE IDENTIFIED IN GOVERNMENT'S NOTICE OF INTENT TO USE OTHER ACTS EVIDENCE (ECF No. 202)

In this case, Defendants Calvin Zastrow ("C. Zastrow"), Chester Gallagher, Heather Idoni, Joel Curry, Justin Phillips, Eva Edl, and Eva Zastrow ("E. Zastrow") are charged with conspiracy against federally-guaranteed rights, in violation of 18 U.S.C. § 241, and obstructing access to a clinic providing reproductive health services, in violation of 18 U.S.C. § 248(a)(1), 2. The charges arise out of alleged conduct by the Defendants on August 27, 2020, and April 16, 2021, at facilities in Sterling Heights, Michigan, and Saginaw, Michigan, that provide reproductive health services, including abortion services.

1

On April 26, 2024, the Government filed a Notice of Intent to Use Other Acts Evidence Pursuant to Rule 404(b) as to Defendants C. Zastrow, Gallagher, Idoni, Edl, and E. Zastrow (the "404(b) Notice"). (*See* 404(b) Notice, ECF No. 202.)  In the 404(b) Notice, the Government identified evidence that it intends to introduce at trial from three prior incidents.  First, the Government proposed to introduce evidence that on October 22, 2020, Idoni and E. Zastrow "conspired to and did participate in a clinic blockade at the Washington Suri-clinic, located in Washington, D.C." (*Id.*, PageID.1060.)

Second, the Government expressed its intent to introduce evidence that on March 5, 2021, Edl, Idoni, Gallagher, C. Zastrow, and E. Zastrow "conspired to and did participate in a clinic blockade at the carafem Health Center, located in Mt. Juliet, Tennessee." (*Id.*, PageID.1061.)  The Government says that these Defendants "agreed to and did use their bodies to physically blockade the entrance to the carafe clinic." (*Id.*)  The Government further says that during the incident in Mt. Juliet, Gallagher "instruct[ed] blockaders … what to do when the police arrived if they did not want to be arrested for blockading doors." (*Id.*, PageID.1065.)

Finally, the Government said that it intends to introduce evidence that on April 16, 2021, C. Zastrow and E. Zastrow "were present in the lawful protest area near the Women's Health Clinic" in Saginaw, Michigan, when Edl and Idoni committed clinic access obstruction as charged in Count III of the Indictment. (*Id.*,

2

PageID.1061-1062.) According to the Government, the evidence identified in the 404(b) Notice is admissible to prove "(1) the [D]efendants' intent; (2) the [D]efendants' motive; (3) the [D]efendants' plan and preparation; and (4) the [D]efendants' knowledge and absence of mistake." (*Id.*, PageID.1062.)

After the Government filed the 404(b) Notice, several Defendants filed motions seeking to exclude all of the evidence identified in the Notice. (*See* Mot., ECF Nos. 220, 226.[1]) The Court heard argument concerning the motions at a hearing on July 8, 2024. At the conclusion of the hearing, the Court took the motions under advisement. For the reasons explained below, the Court will **GRANT** the motions in part and **DENY** the motions in part.

As noted above, the Government seeks to introduce the evidence of prior conduct by certain Defendants under Rule 404(b) of the Federal Rules of Evidence. That rule provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such a proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "In evaluating Rule 404(b) evidence, courts employ

---

[1] Defendant Justin Phillips filed a motion in which he objected to, among other things, the admission of evidence under Federal Rule of Evidence 404(b). (*See* Mot., ECF No. 243.) However, the 404(b) Notice did not identify any evidence to be admitted against Phillips. Thus, Phillips' motion is **TERMINATED AS MOOT** to the extent that it seeks exclusion of evidence to be offered under Rule 404(b).

3

a three-step process." *United States v. De Oleo*, 697 F.3d 338, 343 (6th Cir. 2012). At the first step, courts determine "whether the other acts actually occurred." *Id*. At the second step, courts evaluate whether the other acts are "admissible for a permissible [Rule] 404(b) purpose." *Id*. Finally, at step three, courts perform a "Rule 403 [b]alancing." *Id*. This balancing requires courts to determine whether the "probative value" of the evidence "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Emmons,* 8 F.4th 454, 476 (6th Cir. 2021) (applying this balancing test at third step of Rule 404(b) analysis).

Step one of the process does not appear to be in dispute here. No Defendant contends that the acts identified in the 404(b) Notice did not occur. And the Government suggests that most, if not all, of the acts identified in the 404(b) Notice were captured on video and/or audio recordings. The Court is satisfied that it may proceed beyond the first step of the Rule 404(b) analysis.

At step two of the process, the Court is likewise satisfied that the evidence identified in the 404(b) Notice is admissible for a proper purpose – as evidence of Defendants' intent – under Rule 404(b). In this Circuit, the "rule" is that "where there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to

4

prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)." *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994).[2] Here, the Government has the burden of proving that the Defendants acted with the specific intent to deprive the alleged victims of a right protected by federal law. *See Anderson v. United States*, 417 U.S. 211, 223 (1974). And evidence that Defendants committed similar conduct close in time to the charged conduct may have some at least some probative value with respect to whether Defendants acted with the required intent. *See United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (explaining that prior acts may be probative as to a defendant's intent when those acts are similar and close in time to the charged criminal conduct). Thus, the prior conduct identified in the 404(b) Notice would appear to be admissible for the proper purpose of proving that the Defendants acted with the required intent.

---

[2] Importantly, this general "rule" does not automatically render prior acts evidence admissible whenever the Government has the burden of proving intent as an element of a charged offense. Instead, the Government may invoke the "rule" to satisfy step two of the test for admissibility under Rule 404(b); notwithstanding the "rule," even where the Government bears the burden of proving a defendant acted with a specific intent, prior acts evidence should not be admitted to prove intent where the Rule 403 balancing weighs against admission. *See United States v. Jenkins*, 593 F.3d 480, 485-86 (6th Cir. 2010) (acknowledging the holding from Johnson and holding that prior acts evidence concerning defendant's intent should have been excluded under Rule 403 balancing).

The evidence the Government identified is also admissible for the proper purposes of proving the Defendants' motive and showing that the Defendants acted pursuant to a plan. These are permissible purposes under Rule 404(b), and the evidence the Government cited has at least some probative value with respect to motive and plan.

At step three of the process, the Court concludes that much of the evidence identified in the 404(b) Notice should be excluded under the "Rule 403 Balancing" test. *De Oleo*, 697 F.3d at 343. More specifically, the Court will exclude the evidence that on October 20, 2020, and March 5, 2021, Defendants Idoni, E. Zastrow, Edl, Gallagher, and/or C. Zastrow engaged in essentially the same blockading conduct that is alleged in the Indictment in this case. The Court concludes that such evidence, even though admissible for the proper purposes outlined above, has little probative value with respect to the key dispute that will be presented to the jury. The fundamental question for the jury will likely be: did the Defendants act with the states of mind required for conviction under the statutes at issue? Under the particular circumstances of this case, and given the nature of the charges here, the fact that certain Defendants may have engaged in similar conduct at other times does little, if anything, to help answer that question. Simply put, this is a case in which the issue of the Defendants' states of mind will be largely "subsumed by [their] conduct," and for that reason evidence beyond the charged

6

conduct – such as evidence that they engaged in similar conduct at other times – does not have substantial probative value on the questions of intent and motive. *Asher*, 910 F.3d at 863. Moreover, the probative value of the other acts evidence here is "modest due to alternative methods of proof." *Id*. By far the best evidence of the Defendants' states of mind will come from what they said and did in connection with the events charged in the Indictment. And much of that evidence is captured on video and audio recordings.

Next, there are sound reasons under Rule 403 to exclude the evidence that Defendants engaged in similar conduct on other occasions. For instance, there is a substantial risk that presenting this evidence will both waste time and cause undue delay. Indeed, allowing the Government to present evidence concerning the Defendants' conduct on the dates identified in the 404(b) Notice creates a real risk of spawning a series of "mini-trials," as the Defendants will likely feel compelled to present their views as to what happened on those other occasions. For all of these reasons, the Court will exclude the evidence that Defendants Idoni, E. Zastrow, Edl, Gallagher, and/or C. Zastrow engaged in similar blockading conduct on October 20, 2020, and March 5, 2021.

However, the Court will admit two narrow strands of the Government's other acts evidence identified in the 404(b) Notice. First, the Court will permit the Government to introduce evidence that Defendants C. Zastrow and E. Zastrow

stayed in the lawful protest area during the demonstration at Women's Health Clinic on April 16, 2021. This evidence does have meaningful probative value as to the states of mind of these Defendants. It shows that these Defendants have utilized other, less-intrusive means of protest at clinics in the past, and it supports an inference that they knowingly and intentionally chose to engage in a more obstructive course of conduct here – one that the jury may infer was designed to actually interfere with clinic access. Simply put, the *contrast* between the two courses of conduct supports an inference that these Defendants acted with a heightened – and unlawful – intent to impede access when they committed the acts at issue here. Moreover, allowing the Government to present this evidence does not pose a serious risk of delay and time wasting because the scope of this evidence is limited.[3] Finally, the presentation of this evidence will not cause Defendants C. Zastrow and E. Zastrow unfair prejudice because the evidence has very little, if any, tendency to persuade the jury to return a decision based on some improper ground. In addition, the Court is willing to give a limiting instruction addressing the permissible uses of this evidence, and the Court invites C. Zastrow and E. Zastrow to draft and propose such an instruction. The Court is willing to give such an

---

[3] In addition, the trial will already include substantial evidence concerning the activities at Women's Health Clinic on April 16, 2021, because Edl and Idoni are charged in Count III of the Indictment with offenses arising out of those activities.

instruction at the time the evidence is offered, if requested at that time by these Defendants.

Second, the Court will admit evidence that Gallagher instructed protesters as to how to avoid arrest for blockading clinic access. This evidence has meaningful probative value because it shows a consciousness of guilt on Gallagher's part and a recognition that the conduct at issue here had the natural result of impeding access to the clinics. Furthermore, the Court sees little risk of unfair prejudice from this evidence, and because this evidence is focused and narrow in scope, its presentation does not risk wasting time or delaying the trial. Finally, as with the evidence concerning Defendants C. Zastrow and E. Zastrow described immediately above, the Court is willing to give a limiting instruction with respect to this evidence, and the Court invites Gallagher to propose such an instruction.

In sum, for all of the reasons explained above, unless and until the Court orders otherwise, the Government may not introduce any of the evidence identified in the 404(b) Notice, with the exception of (1) evidence that Defendants C. Zastrow and E. Zastrow stayed in the lawful protest area during the clinic demonstration on April 16, 2021, and (2) evidence that Gallagher instructed protesters as to how to avoid arrest for blockading clinic access on March 5, 2021.

Finally, the Court recognizes the possibility that things could happen during trial that may warrant a reconsideration of the Court's analysis of, and ruling on, the

9

issues addressed in this order. For instance, some or all of the Defendants may offer a defense or take a position that enhances the probative value of the excluded evidence. If that happens, or if, for any other reason, the Government concludes that there is a good-faith basis to ask the Court to revisit the issues addressed in this order, then at trial the Government may renew its request for the admission of some or all of the evidence the Court has excluded above.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 22, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126